UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY K BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>THE MILLENIUM GROUP OF DELAWARE, et al.,<br><br>Defendants. | Civil Action No. 18-1188 (RK) (JBD)<br><br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on a Motion for Summary Judgment filed by Anthony K. Bailey ("Plaintiff"). (ECF No. 103.) Upon review of Plaintiff's Motion, the Court has determined that Plaintiff has failed to comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Civil Rules, which provide the procedures with which a party seeking summary judgment must comply. The Court has carefully considered Plaintiff's motion and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED** without prejudice.

I.  **BACKGROUND**[1]

Plaintiff was hired by Millennium Group of Delaware ("Defendant Millennium") in 2014 to work at a facility owned by NRG, Energy, Inc. ("Defendant NRG"). ("Compl.," ECF 1 at 6; ECF No. 65-2 at 2.) In 2017, Plaintiff was terminated for an alleged breach of security. (ECF 1-1

---

[1] The facts of this case are well-known to the parties and to the Court. The Court therefore provides only limited background information for the purposes of resolving Plaintiff's pending motion.

at *11.) On January 26, 2018, Plaintiff filed an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD") against Defendants NRG and Millennium alleging that they fired him because of his race. (Compl. at 4–6.)

On September 27, 2019, the Court granted Defendant NRG's Motion to Dismiss without prejudice because Plaintiff's Complaint failed to allege the existence of an employment relationship. (*See* ECF No. 35.) Plaintiff subsequently filed an Amended Complaint alleging violations of Title VII, the NJLAD, 42 U.S.C. § 1981, and the New Jersey Wage and Hour Law ("NJWL"). (ECF No. 41.) On July 13, 2020, the Court granted Defendant NRG's Motion to Dismiss the Amended Complaint, determining that the amended pleadings still did not establish that an employment relationship existed between Plaintiff and Defendant NRG. (ECF No. 51.) On July 31, 2020, Plaintiff filed a Motion for Reconsideration, (ECF No. 52), which the Court denied on March 12, 2021, (ECF No. 56). On April 7, 2021, Plaintiff provided notice that he had appealed the Court's decision dismissing Plaintiff's claims against Defendant NRG and denying Plaintiff's Motion for Reconsideration. (ECF No. 61.) On September 21, 2022, the Court of Appeals for the Third Circuit issued a mandate, affirming in part and vacating and remanding in part the Court's order. (ECF No. 65-2.) The Third Circuit affirmed the Court's decisions as to the alleged violations of Title VII, the NJLAD, and 42 U.S.C. § 1981, but remanded the Court's decision on Plaintiff's NJWL claim. (*Id.* at 7–9.) Thereafter, Plaintiff moved for summary judgment on his remaining claim, which is now pending before the Court. (ECF No. 103.)[2]

---

[2] Plaintiff's Motion for Summary Judgment does not make clear whether Plaintiff is seeking summary judgment against just Defendant NRG or against both Defendants to this action. Regardless, the Court's decision is unchanged.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that the Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact . . . ." *Huang v. BP Amoco Corp*, 271 F.3d 560, 564 (3d Cir. 2001). Rule 56 requires that on motion for summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Local Civil Rules expand upon this requirement, stating that "the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents . . . ." Local Civ. R. 56.1. The requirements of the Rules are not superficial. As the Honorable Noel L. Hillman has explained:

> Local Civil Rule 56.1 serves an important purpose both procedurally and substantively. It focuses the parties on the facts material to the dispute. It allows the court, with the help of the parties, to isolate those facts for the purpose of applying the appropriate legal standard or controlling precedents. Without compliance with the Rule, the Court is left to sift through often voluminous submissions in search of-sometimes in vain-the undisputed material facts.

*Owens v. Am. Hardware Mut. Ins. Co.*, No. 11-6663, 2012 WL 6761818, at *3 (D.N.J. Dec. 31, 2012); *see also Stadler v. Abrams*, No. 13-2741, 2017 WL 4407929, at *8 (D.N.J. Oct. 4, 2017) ("Procedure is not merely a cosmetic concern. Compliance is a precondition to a court reaching the merits of an argument, a burden equally and fairly imposed on all parties and one designed to make the resolution of cases expeditious, coherent, and just."); *Collick v. Weeks Marine, Inc.*, No. 08-5120, 2013 WL 6070035, at *2 (D.N.J. Nov. 18, 2013) ("Local Civil Rule 56.1(a) thus puts the

onus on the parties, rather than the Court, to find evidence of record supporting their respective arguments." (collecting cases)).

According to Local Civil Rule 56.1, a motion for summary judgment that is "unaccompanied by a statement of material facts not in dispute shall be dismissed." Local Civ. R. 56.1; *see also Anyclo Int'l Inc. v. Cha*, No. 18-5759, 2021 WL 2110338, at *2 (D.N.J. May 25, 2021) (denying summary judgment because the movants' failure to comply with Local Civil Rule 56.1 "made it exceedingly difficult for the Court to discern whether there is a genuine dispute of material fact . . . ."); *Fish Stix Charter Fishing, LLC v. Cure*, No. 18-864, 2020 WL 423338, at *5 (D.N.J. Jan. 27, 2020) (denying summary judgment, reasoning that "[c]laimant's Statement of Material Facts is not a 'statement of material facts not in dispute' under Local Civil Rule 56.1 because it acknowledges that certain facts are both material and in genuine dispute . . . ."); *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. 14-0145, 2017 WL 6034144, at *3 (D.N.J. Dec. 6, 2017) (denying summary judgment for failure to comply Rule 56(c)(1) or Local Civil Rule 56.1, reasoning that the court "cannot adjudicate the matter without reference to the facts"). Nonetheless, the Third Circuit has counseled that noncompliance with Rule 56.1 "may be excused where 'the District Court had a clear record of the facts on which to rule,' no prejudice was caused, and there was substantial compliance with the Rule." *Anyclo Int'l Inc.*, 2021 WL 2110338, at *2 (quoting *Park v. Sec'y U.S. Dep't of Veterans Affs.*, 594 F. App'x 747, 751 (3d Cir. 2014)).

In this case, Plaintiff is proceeding without counsel. The Court is obligated to construe *pro se* filings liberally. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013). Nonetheless, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245; *see also id.* ("[W]e have never suggested that procedural

rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

Plaintiff's Motion for Summary Judgment contains a section titled "Statement of Facts." (*See* ECF No. 103-1 at 8.) However, this approximately two-page section provides no facts, and instead states that Plaintiff "relies on the facts as detailed in the accompanying statements as undisputed Material Facts." (*Id.* at 8–10.)[3] Rather than provide facts not in dispute, Plaintiff argues in this section that he qualifies as an employee of NRG, that the evidence is "100% proof" that he was a "Legal employee of NRG," and that he is entitled to the "punitive, economic and all damages for which he is seeking . . . ." (*Id.* at 9.) He contends that NRG has failed to demonstrate that he was not an NRG employee, that he "suffered damages, financial and otherwise," that NRG has engaged in "subterfuge" in "supporting their denials and their verifiable false yet devastating untruth's of Plaintiff's employment status," and that NRG has suffered no damages. (*Id.* at 9–10.)[4]

This Statement of Facts fails in several respects to comply with Plaintiff's obligations under Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1. First, Plaintiff's "Statement of Facts" fails to set forth any facts—let alone articulate facts as to which there is no genuine issue. Second, Plaintiff's brief is not accompanied by any exhibits. A movant may not simply assert facts and purport them to be undisputed. Rather, the movant must substantiate each

---

[3] Plaintiff seems to suggest that his brief is accompanied by an additional statement of facts but does not provide a citation as to where such section may be found, nor has the Court identified one.

[4] Plaintiff also argues in this section that he is a "real 'Person' as defined in 18 U.SC. 2510(6) . . . having lawful status as a . . . true self-Sovereign, Afro-indigenous Solvent Indigenously, and ancestrally Native of American, and a free living self-directing being with the capacity of freewill capable of having rights." (ECF No. 103-1 at 8). 18 U.S.C. § 2510(6) defines "person" for purposes of the Wire Tap Act, *see* 18 U.S.C. § 2511, and the Court fails to see the relevance of the Wire Tap Act in this employment discrimination case.

assertion of fact by citing to "particular parts of materials in the record" as described in Rule 56(c)(A)(1) or to "affidavits and other documents submitted in support of the motion" as described in Local Civil Rule 56.1. Critically, Plaintiff's motion is not supported by appended materials and is devoid of citations to any record. Third, Plaintiff's Statement of Facts does not include allegations in separately numbered paragraphs as required by Local Civil Rule 56.1.

Although Plaintiff is *pro se* and his pleadings must be construed liberally, he is not exempt from the commandments of the Federal and Local Rules. His failure to comply with these procedural rules prevents Defendants from effectively responding to his assertions and prevents the Court from determining whether summary judgment is appropriate. In such cases, a motion for summary judgment "*shall* be dismissed." *See* Local Civil Rule 56.1 (emphasis added). While the Court may excuse noncompliance with Local Civil Rule 56.1 where the Court has a clear record of the facts on which to rule, no prejudice is caused, and there is substantial compliance with the Rule, the Court finds that this is not such a case. Plaintiff's failure to include any facts or append any exhibits to his motion makes it exceedingly difficult to discern whether there is a genuine dispute of material fact. Plaintiff, as the movant, bears the initial burden of demonstrating that no genuine dispute of material fact exists, and Plaintiff fails to meet this burden. Accordingly, the Court finds denial of Plaintiff's motion, without prejudice, appropriate.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED** without prejudice. Plaintiff may refile a motion for summary judgment that complies with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1 within thirty (30) days of receiving this Order.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 23, 2023

7