UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY K. BAILEY,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**THE MILLENNIUM GROUP OF DELAWARE,** *et al.*,<br><br>      **Defendants.** | Case No. 18–cv–01188–ESK–MJS<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on plaintiff's renewed motion for summary judgment (Motion) (ECF No. 124) and defendant NRG Energy, Inc.'s (NRG) cross-motion for summary judgment (Cross-Motion) (ECF No. 128). Plaintiff filed a memorandum in support of the Motion (ECF No. 125 (Pl. Br.).) and a statement of material facts (ECF No. 124–2 (Pl. SOMF).) NRG's memorandum of law in support of its Cross-Motion also contained arguments in opposition to plaintiff's Motion and in favor of dismissing this case for lack of subject matter jurisdiction. (ECF No. 128–16 (NRG Br.).) NRG also filed a response to plaintiff's statement of material facts and counterstatement to same. (ECF No. 128–17 (NRG Counter-SOMF).) Plaintiff filed a reply in further support of the Motion and in opposition to the Cross-Motion. (ECF No. 132 (Pl. Reply Br.).) Plaintiff did not file a response to NRG's counterstatement of material facts. NRG filed a reply in further support of the Cross-Motion. (ECF No. 133 (NRG Reply Br.).)

    For the following reasons, this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

## I. PROCEDURAL HISTORY

Millennium Group of Delaware (Millennium) hired plaintiff in 2014 to work at a facility owned by NRG in New Jersey. (ECF No. 41 (Am. Compl.).) Plaintiff was terminated for an alleged breach of security. (ECF No. 1–1 p. 11.) Plaintiff filed this case on January 26, 2018 alleging defendants fired him because of his race and asserting claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the New Jersey Law Against Discrimination (NJLAD). (ECF No. 1 (Original Compl.) pp. 4–6.)

On September 27, 2019, Chief District Judge Freda L. Wolfson (Ret.) dismissed plaintiff's claims against NRG because plaintiff failed to allege an employment relationship with NRG, which is required to assert Title VII and NJLAD claims. (ECF No. 35.)

Plaintiff filed an amended complaint on November 19, 2019 alleging violations of Title VII, the NJLAD, 42 U.S.C. § 1981 (Section 1981), and the New Jersey Wage Theft Act (Wage Theft Act). (ECF No. 32 (Am. Compl.).) Judge Wolfson, again, dismissed plaintiff's claims against NRG because plaintiff failed to allege an employment relationship with NRG. (ECF No. 51 p. 5 (noting that the amended complaint "contains few additional factual allegations, as it reads much like a brief that rehashes the same arguments that this Court considered and rejected").) Judge Wolfson also dismissed plaintiff's New Jersey Wage Theft Act and Section 1981 claims because—like the discrimination claims—plaintiff did not allege an employment relationship with NRG. (*Id.*) Plaintiff filed a motion for reconsideration (ECF No. 52), which Judge Wolfson denied (ECF No. 56).

Plaintiff appealed Judge Wolfson's decision dismissing the amended complaint. (ECF No. 61.) On August 30, 2022, the Third Circuit issued an opinion affirming in part and vacating in part the order dismissing the amended complaint. (ECF No. 65–2 (Circuit Op.).) Specifically, the Third Circuit

2

affirmed the dismissal of the Title VII, NJLAD, and Section 1981 claims but vacated the dismissal of the New Jersey Wage and Hour Law.[1]  (Circuit Op.)

The Third Circuit noted that the District Court had construed plaintiff's claim as arising under the Wage and Hour Law alone.  (Circuit Op. pp. 7, 8.)  However, the Third Circuit explained that the Wage Theft Act enacted in 2019 amended the Wage and Hour Law *and* the Wage Payment Law.  (*Id.* p.7.)  While the District Court "correctly noted the necessity of pleading an employment relationship under these statutes," the Third Circuit found that it did not take into account that the Supreme Court of New Jersey certified that the ABC Test used by the New Jersey Department of Labor is the proper test under the relevant statutes rather than the *Darden* framework that was applied by the District Court.  (*Id.* p.8 (citing *Hargrove v. Sleepy's LLC*, 612 F. App'x 116, 118 (3d Cir. 2015).)  The Third Circuit explained that the ABC Test "presumes that the claimant is an employee and imposes the burden to prove otherwise to the employer."  (*Id.* (quoting *Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 464 (N.J. 2015).)  As a result, the Third Circuit stated it could not say that the failure to apply the ABC Test was harmless effort and, therefore, remanded for further consideration.  (*Id.* p.9)  Thus, upon remand, only the New Jersey Wage Theft Act claim remained.

On August 3, 2023, plaintiff filed his first motion for summary judgment against NRG on his remaining claim under the New Jersey Wage Theft Act. (ECF No. 103.)  District Judge Robert Kirsch denied plaintiff's first motion for summary judgment for failure to comply with Federal Rule of Civil Procedure (Rule) 56 and Local Civil Rule 56.1.  (ECF No. 114.)  On December 15, 2023, plaintiff filed the instant Motion.

---

[1] The Third Circuit opinion refers to the New Jersey Wage and Hour Law although plaintiff's amended complaint refers to the Wage Theft Act.  *See supra* n.2 for further discussion.

3

## II. FACTS

The only remaining claim in this case is the Wage Theft Act claim.[2] Because I agree with NRG's position that the $75,000 jurisdictional threshold is not satisfied, I set forth only those facts relevant to that determination.

Plaintiff alleges that he was a mailroom employee at NRG (ECF No. 1–1 p. 11) and simultaneously worked as a "substitute receptionist" or "full-time … front desk/receptionist" at NRG (Am. Compl. p. 8). Plaintiff asserts that he was not paid for this work as a receptionist. (*Id.* p. 21.)

Plaintiff alleges that he performed work as a receptionist "for a minimum of 3-5 hours per week sometimes more, per month, for over 24 months." (Am. Compl. p. 21.) Plaintiff states differently that he worked in this position for "well over two-hundred hours." (*Id.* p. 26.) Plaintiff seeks compensation for the allegedly unpaid wages but does not specify an amount that would compensate him or allege the rate of pay for a "full-time … front desk/receptionist" or "substitute receptionist." (*Id.* p. 21.) Plaintiff, in response to NRG's claim that the Wage Theft Act claim does not meet the jurisdictional threshold, states—without more—that he "should be awarded all requested damages, and [t]reble damages, which is lawful in these matters, and thus, should meet and surpass the jurisdictional amount of $75,000." (Pl. Reply Br. p. 10.)

---

[2] It is disputed whether the Wage Theft Act, N.J.S.A. §43:21-19, claim should be interpreted as a claim under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a *et. seq.*, or the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.1 *et. seq*. The Wage Theft Act was enacted in 2019 and amended the New Jersey Wage and Hour Law and the Wage Payment Law. NRG posits that plaintiff's allegations date back to 2017, before the enactment of the Wage Theft Act, thereby precluding application of the Wage Theft Act due to its prospective rather than retroactive nature. I do not need to resolve this issue because I conclude there is no subject matter jurisdiction. However, I will apply the Wage Theft Act because it provides for treble damages and is more beneficial to plaintiff's argument that his claim meets the jurisdictional threshold.

### III. DISCUSSION

The "party invoking diversity jurisdiction … bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). But "that burden is not especially onerous." *Id.* To satisfy the preponderance of the evidence standard, the proponent must "pro[ve] to a reasonable probability that jurisdiction exists." *See McCleary v. City of Wildwood,* NJ, No. 09-2876 (RMB), 2009 WL 10728089, at *1 (D.N.J. June 16, 2009).

"In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Auto-Owners Ins. Co.*, 835 F.3d at 395 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). Where, as here, a defendant mounts a factual challenge to jurisdiction and jurisdictional discovery has been performed, the Court may also consider the evidence presented by the parties regarding whether the jurisdictional threshold has been met. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (explaining that "if the defendants [] had challenged the factual existence of jurisdiction, [plaintiff] would have been required to prove by a preponderance of the evidence, after discovery, that" diversity existed). Although evidence presented following discovery is considered, "[t]he amount in controversy is calculated when the complaint is filed; 'later events [cannot] increase the amount in controversy and give rise to jurisdiction that did not properly exist at the time of the complaint's filing.'" *Jacobs v. Geisinger Wyoming Med. Ctr.*, No. 21–03362, 2022 WL 1564193, at *1 (3d Cir. May 18, 2022), *cert. dismissed*, 143 S. Ct. 346 164 (2022), *reconsideration denied*, 143 S. Ct. 560 (2023) (quoting *Auto-Owners Ins. Co.*, 835 F.3d at 395)).

5

As part of jurisdictional discovery, NRG asked plaintiff to provide the basis for his position that the Wage Theft Act claims meet the jurisdictional threshold of $75,000. (ECF No. 128–10 (Exhibit I to Griep Cert.) pp. 38–41).) Plaintiff responded that his lost wages amounted to $39,999.999, which when trebled totals $119,999.999. (*Id.* p. 40.) Plaintiff calculated his lost wages by taking the $39,000 to $40,000 salary of the NRG receptionist—whose job plaintiff alleges he performed and was not paid for—and dividing the salary by three and then multiplying that amount by three to account for the allegation that plaintiff performed this work for three years. (*Id.*) This calculation is inaccurate and contrary to his allegations in the amended complaint.

Plaintiff alleges in the amended complaint that he worked for a minimum of 3-5 hours per week sometimes more, per month, over 24 months." (Am. Compl. p. 21.) If plaintiff worked five hours per week for 52 weeks, each year, for two years, the total hours worked is 520 ($5 \times 52 \times 2$).[3] If the $75,000 threshold is then divided by three to account for the possibility of treble damages, the amount of wages that that would be needed to meet the threshold would be $25,000. The hourly wage, then, for the Wage Theft Act claim to exceed $75,000, must be at least $48.08 ($25,000 ÷ 520).

Plaintiff alleges that a receptionist makes $39,000 to $40,000 a year. Assuming the higher amount, if the receptionist works 1,500 hours in a year, the hourly wage equals $26.67 ($40,000 ÷ 1,500). If plaintiff were paid $26.67 for 520 hours of work, the total lost wage is $13,868.40, which—even when trebled—is far short of the amount needed to meet the $75,000 threshold.

---

[3] As noted above, elsewhere in the amended complaint, plaintiff states that he worked in the position "well over two-hundred hours." (Am. Compl. p. 26.) Despite this inconsistency, I will used the higher amount of 520 hours in determining whether the $75,000 threshold is met.

Accordingly, plaintiff has not shown by a preponderance of the evidence that the Wage Theft Act claim meets the jurisdictional threshold of $75,000.

Plaintiff attempts to include future wages in his calculations of damages. However, future wages are not provided for under the Wage Theft Act. *Pickholz v. TransparentBusiness, Inc.*, No. 22–02504, 2024 WL 489543, at *12 (D.N.J. Feb. 8, 2024) ("[a] claim for future, unearned salary is not viable under the [] Wage Payment Law."); *see also* N.J.S.A. §34:11-4.1c. Indeed, the Wage Payment Law, which the Wage Theft Act modified in part, "applies only to wages earned by an employee *before* the termination of his employment." *Soranno v. Heartland Payment Sys., LLC*, No. 18–16218, 2020 WL 5652469, at *11 (D.N.J. Sept. 23, 2020). Plaintiff also asserts that he should be awarded punitive damages and $10,000,000 for "various damages." Such relief, however, is not provided by the Wage Theft Act.

## IV. CONCLUSION

This case will be dismissed for lack of subject matter jurisdiction with leave to reinstate the claims in the appropriate state court within 30 days of the entry of this order unless state law provides for a longer tolling period. *See* 28 U.S.C. §1367(d). An appropriate Order will accompany this Opinion.

　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Date: October 16, 2024